AULL v. COLUMBIA &c. RAILROAD COMPANY.

1. RIGHT OF WAY—APPEAL—MOTION TO DISMISS.—A motion to dismiss an appeal from an order refusing to vacate a previous order directing a jury to be empanelled to ascertain the compensation to be paid by a railroad company for a right of way, not determined, as the court was not full; but *it seems* that such an order is not appealable, as the statute regulating such special proceeding gives no appeal in such case, and as the merits are not affected.

2. IBID.—IBID.—The right of petitioners to compensation could not be determined by motion, and hence the merits were not involved; nor could the jurisdiction of the judge to grant any order be questioned by appeal. It might possibly be raised by *certiorari* or writ of prohibition.

3. IBID.—A railroad company may be proceeded against for compensation for right of way taken by it, not only where the landowner had refused his consent in writing, but also where the road has been constructed without objection, or by the implied permission of the landowner. And a petition which alleges that it was taken without consent is sufficient.

4. APPEAL DISMISSED WITHOUT PREJUDICE to the right of appellant to test the right of the petitioners by other proceeding.

Before WALLACE, J., Newberry, November, 1893.

This was a proceeding to recover compensation for right of way, instituted by Jacob L. Aull and Elbert H. Aull against the Columbia, Newberry and Laurens Railroad Company.

*Messrs. Lyles & Muller*, for appellant.

*Messrs. Johnstone & Cromer*, contra.

October 31, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. On the 5th of June, 1891, the respondents filed their petition, stating, amongst other things, that the appellant had constructed its railway across a lot of land in the town of Newberry, belonging to petitioners; "and that the said right of way was taken and occupied without the consent of the said owners, and not in the manner provided by law;" and after alleging that the railway had been completed over said land within the period of a year prior to the filing of the petition, and that petitioners had never received any com-

pensation for the land so occupied by the railway of appellant, although repeated demand had been made for such compensation, prayed for an order directing the clerk to empanel a jury to ascertain the compensation to which petitioners are entitled in the manner provided by law. On hearing the petition, his honor, Judge Wallace, who was then the judge of the Seventh Circuit, in which the town of Newberry is situated, granted an order, bearing date 8th of June, 1891, directing that the petition be filed in the office of the clerk of court for Newberry County, and that said clerk empanel a jury of twelve, as provided by law, to ascertain the compensation to which petitioners are entitled for the use of their land occupied by the respondent as a right of way. In pursuance of this order, the said clerk served a notice on appellant that he would proceed to empanel a jury as directed, on Tuesday, the 30th of June, 1891.

No further steps seem to have been taken in the matter, for the reason, as alleged by the petitioners, that negotiations for a settlement without resort to legal proceedings were pending. On the 2d of November, 1893, appellant, upon an affidavit made by the president of the defendant company, in which, amongst other things, it was stated that he was advised that the petition did not set forth the necessary jurisdictional facts, "in that it alleges that the said right of way was taken and occupied *without the consent* of the said owners;" whereas the law only provides for a proceeding of this kind where the owner of the land *permits* the company to enter upon the construction of its railway without previous compensation (another ground was also stated, but as it was abandoned at the hearing, it need not be set forth here), applied for and obtained from Judge Wallace a rule requiring the petitioners to show cause before him why his order of the 8th of June, 1891, should not be vacated. To the rule the petitioners made a return, supported by an affidavit of one of their counsel, and upon these papers, together with an affidavit of the president of the defendant company, the motion was heard by Judge Wallace, who, without assigning any reasons, granted an order on the 3d of November, 1893, refusing the motion and discharging the rule.

From this order the appellants take this appeal upon the following grounds: 1st. Because his honor held that the allegation in petitioners' petition, "that the said right of way was taken and occupied *without the consent* of the said owners," does not necessarily mean that the petitioners did not *permit* the respondent to enter upon the construction of the highway, &c. 2d. Because his honor should have held that the petition does not contain the necessary allegations to give the court jurisdiction, and because he should have granted the motion, and set aside the order granted by him on 8th July (a misprint for "June," no doubt), 1891, &c.

Inasmuch as there is nothing in the record to show that the Circuit Judge held, as is imputed to him, in the first ground of appeal, that ground could not be sustained. But as the same question is practically made by the second ground of appeal, this will make no real difference to the appellant.

Before proceeding to a discussion of the point intended to be raised by this appeal, it is necessary to dispose of a preliminary motion to dismiss the appeal upon the ground that the order from which the appeal is taken is not appealable.

As the denial of the right to appeal is a serious matter, and this case, owing to circumstances which it is needless to state, cannot be determined by the full court, we will waive any *decision* of this question at this time, and proceed to consider the case as if no motion was made to dismiss the appeal. We must add, however, that we are inclined to think that there are two reasons why the appeal should be dismissed: 1st. Because this is a special proceeding prescribed by statute for ascertaining the amount of compensation to which a landowner may be entitled when his land is taken for the right of way of a railroad or other similar structure, and the statute gives no right of appeal from any action of the court or judge thereof, except from the verdict rendered by the jury. Gen. Stat., § 1553. 2d. Because the order in question really determines no question as to the merits, for the reason which will hereinafter be suggested.

Proceeding, then, to consider the case as if there was no motion to dismiss the appeal, we are of opinion that the appeal

cannot be sustained.    In the case of the *Georgia &c. Railway Co.* v. *Ridlehuber*, 38 S. C., 308, it was held by this court, that the statute upon this subject having provided no mode by which the disputed right of a landowner to compensation for land taken as a right of way by a railroad company can be determined, it may resort to an action in the Court of Common Pleas for an injunction, under which the question of right can be determined by a tribunal competent for the determination of such a question.    If, therefore, the object of the appellants' motion to vacate the order of 8th June, 1891, was to determine the question of the *right* of petitioners to compensation, such a question could not be determined in that way, and the merits were not involved.    If, however, the object of appellant was to question the jurisdiction of Judge Wallace to grant *any* order in the premises upon the showing made by the petitioners, then, as it seems to us, some other mode of proceeding should have been resorted to, either by writ of *certiorari*, as was done in *Ex parte Bennett*, 26 S. C., 317, or possibly by a writ of prohibition, though we are not to be understood as deciding what would be the proper mode; for all that we do decide is that this appeal is not a proper mode of raising the question of jurisdiction in this case.

But as the question of jurisdiction has been raised and argued, it may be well for us to express our views upon the subject with a view to save the parties from unnecessary litigation.

We do not think that the allegation in the petition, "that the said right of way was taken and occupied without the consent of the said owners, and not in the manner provided by law," was sufficient to deprive Judge Wallace of jurisdiction to issue the order of 8th of June, 1891.    Looking at sections 1550–1561 of the General Statutes as one act, as they, in fact, were originally, it seems to us that the scheme of the act, which was not an act to confer the right to take or condemn the property of the citizen for the construction of a railway or other like structure, but only to prescribe the *manner* in which this is to be done, and the mode by which the amount of compensation is to be ascertained (*Railway Co.* v. *Ridlehuber, supra,* at pp. 312–3), speaking in general terms, without descending to

details, was, that when a railway company desired to use the land of another as the right of way for its road, it should, before entering upon the land for the purpose of constructing its road, give notice in writing to the landowner that a portion of his land would be required for such purpose, and if the landowner did not, within a prescribed time, signify in writing his refusal of consent, such consent should be presumed, and the railway company might proceed with the construction of its road, subject, however, to the right of the landowner to move for an assessment of compensation in the manner subsequently provided in the act. If, however, the landowner signified his refusal of consent, then it became the duty of the railway company, before entering upon the land for the purpose of constructing its road, to institute the proceedings prescribed for a condemnation of land, and the ascertainment of the compensation to which the landowner may be entitled. The act then provides, in sec. 1558, "if, in any case, the owner of any lands shall permit the person or corporation requiring the right of way over the same to enter upon the construction of the highway without previous compensation, the said owner shall have the right, after the highway shall have been constructed, to demand compensation, and to petition for an assessment of the same in the manner hereinbefore directed," which manifestly refers to the mode of proceeding prescribed in sec. 1551, where the landowner has refused his consent in writing, to wit: by petition to the judge of the circuit for the empanelling of a jury to ascertain the amount of compensation to which the landowner shall be entitled, just as was done in this case.

But the appellant contends, that inasmuch as the petition shows on its face that the land for the right of way was taken "without the consent" of the owners, that it fails to show that the petitioners are entitled to institute this proceeding under sec. 1558. But it will be observed that the language used in that section is different from that used in secs. 1550 and 1551. In these two sections the word used is "consent;" and it is manifest that the legislature was providing for cases in which the landowner signified his consent, either expressly or pre-

sumably, to the entry upon his lands, and in cases in which the landowner refuses his consent, in the manner provided, to wit: *in writing;* while in section 1558, the word used is "permit," showing an intention to provide for cases, which oftentimes have occurred, where the railway company, without first obtaining the "consent" of the landowner, either expressly or by presumption, has been suffered or *permitted* to construct its road over the land of another. The word "consent" implies some positive action, while the word "permit" implies mere passivity; and this will account for the change in the phraseology in the sections referred to, as it must be considered that the legislature intended to provide for all possible cases that might arise. If, therefore, a railway company, without first obtaining the consent of a landowner, and without first resorting to the proper proceedings to condemn the land, and have the compensation to which the landowner is entitled ascertained, proceeds to construct its road over the land of another, without objection, or by the implied permission of the landowner, such landowner may, at any time within one year after the completion of the road, under the provisions of sec. 1558, demand compensation in the manner therein prescribed.

The judgment of this court is, that the order appealed from be affirmed, without prejudice to the right of the appellant, if it shall be so advised, to institute some other proper proceeding to test *the right* of the petitioners to compensation.