[Crim. No. 1034.   Department Two.—February 9, 1904.]

THE PEOPLE, Respondent, v. F. J. STOUTER, Appellant.

CRIMINAL LAW—LEWD ACT UPON BODY OF CHILD—VERDICT FOR "AT-
TEMPT"—IMPROPER INSTRUCTION AFTER DISAGREEMENT.—Where upon
the trial of a defendant accused of a lewd and licentious act upon
the body of a child under the age of fourteen years, all of the in-
structions of the court required proof of the particular act charged
beyond a reasonable doubt, as essential to a conviction, and such
instructions were afterward reiterated to the jury when seeking
further instructions, until the jury had been unable to agree for
twenty-four hours, it was then a dangerous interference with the
right of the defendant to a fair trial for the court, after having
learned of the necessity of new instructions in order to come to an
agreement upon a verdict of guilty, to instruct the jury for the
first time that they might find the defendant guilty of an attempt
to commit the offense, and to give them a new form of verdict to that
effect.

ID.—INSUFFICIENCY OF EVIDENCE.—The evidence in the case is insufficient
to warrant a verdict of guilty of an attempt to commit the act
charged, upon the commission of which the jury were unable to
agree.

ID.—TESTIMONY OF CHILD—DISCRETION OF COURT.—It was in the discre-
tion of the court to admit the testimony of the female child, nine
years of age, upon whom the offense is charged to have been com-
mitted.

ID.—ATTEMPT TO COMMIT LEWD OR LASCIVIOUS ACT.—A person might
in law be guilty of an attempt to commit the crime of a lewd or
lascivious act defined in section 288 of the Penal Code, though a
mere licentious act is not of itself a crime under that section.
There must be such an act committed upon the body of a child under
fourteen years, and there could be an attempt to commit such act
without accomplishing it.

APPEAL from a judgment of the Superior Court of Napa
County and from an order denying a new trial.   William S.
Wells, Judge, presiding.

The facts are stated in the opinion of the court.

A. J. Hull, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy
Attorney-General, for Respondent.

McFARLAND, J.—The defendant was charged with the offense defined in section 288 of the Penal Code,—namely, the commission of a lewd or lascivious act upon or with the body ''of a child under the age of fourteen years, with intent,'' etc. He was convicted of an attempt to commit such offense, and was sentenced to fourteen years' imprisonment in the state prison. He appeals from the judgment and from an order denying his motion for a new trial.

This crime belongs to that class of offenses of which it has been often said that the charge is easy to make and hard to disprove. In such cases jurors are sometimes moved by abhorrence of the offense to convict upon slight evidence; and on appeal a court will look closely into the conduct of the trial, and to see that there was some substantial evidence to warrant a verdict of guilty. In the case at bar our opinion is, that there must be a reversal for an instruction given by the court on the subject of the ''attempt'' of which the appellant was convicted; and we also think that there was not sufficient evidence to warrant a verdict of guilty of said attempt.

In the information, after a general statement that defendant had committed a lewd and lascivious act upon a certain named girl under fourteen years, it was specifically charged that the act which constituted the alleged crime was committed as follows: ''That the said F. J. Stouter did then and there willfully, unlawfully, feloniously, and lewdly insert in the vagina of the said child a finger of him, the said F. J. Stouter, with the intent,'' etc. Before the jury retired for deliberation the court, after reciting the part of the information above quoted, instructed them as follows: ''And in order to find the defendant guilty under said information, you must find from the evidence, beyond a reasonable doubt, that the said defendant did insert a finger of him, the said defendant, into the vagina of said [giving the name of the child]; and unless you so find from the evidence, beyond a reasonable doubt, your verdict must be not guilty.'' And the jury were further instructed as follows: ''I have for your guidance simply, gentlemen, prepared two forms of verdict, only one of which you will use, laying the other to one side. If you find from the evidence in this case, and beyond a reasonable doubt as I have explained reasonable doubt

to you, that the defendant committed the crime as charged in the information here, then the form of your verdict would be something like this: 'We, the jury in the above-entitled cause, find the defendant, F. J. Stouter, guilty as charged in the information.' Again, if after a full, careful, and impartial consideration of all the evidence in this case, you find that the defendant did not commit the offense as charged, or if you have a reasonable doubt of his guilt, it would be your duty to find the defendant not guilty, and the form of your verdict will be something like this: 'We, the jury in the above-entitled cause, find the defendant, F. J. Stouter, not guilty.' '' The case was thus given to the jury upon the theory that they should find one or the other of these two verdicts; and it may be fairly assumed that it was argued and submitted to the jury entirely upon that theory.

The jury retired at nine o'clock P. M. of January 18th, and returned into court the next day at 10:49 o'clock A. M., having been out nearly fourteen hours without being able to agree. The court asked them if they had agreed upon a verdict, and one of them answered, ''We have not.'' They were then asked what they desired, and one of the jurors, as spokesman, answered: ''We have some questions here that different ones of us would like to have instruction upon, *but all do not care for these instructions.* The first question is: Is it necessary in order to bring in a verdict of guilty that the evidence prove beyond a reasonable doubt that the defendant Stouter did insert his finger into the vagina?'' To this question the court answered: ''That was the instruction as given you by the court. I will read that instruction to you,'' and the court then re-read the instruction as hereinbefore quoted. The juror then asked, ''Would the attempt to insert the finger in the vagina be sufficient to render a verdict of guilty?'' To this the court answered: ''That question is answered, gentlemen, by the instruction as given. In order to convict the defendant you must find that he did insert his finger into the vagina of the said'' child. The court further said that a complete entrance was not necessary, but that ''any penetration of the vagina, or any insertion of the finger into the vagina, would be sufficient.'' Another question was asked by a juror, to which the court answered, ''That goes to the proposition as to whether he did or did not insert his finger into the vagina, and

under that instruction that I have already given you—it fully covers that question in my mind.'' The juror said: ''I think that some of the others have something beside this.'' The court said: ''Are there any other instructions you desire read? I will re-read the main instructions, if you so desire this morning.'' The juror said: ''I don't think so.'' The court then said: ''Very well. Just retire to the jury-room.'' The jury then retired, and at 9:40 o'clock P. M. again returned into court—having been out altogether over twenty-four hours. They then stated that they could not agree, and the court questioned all the jurors individually, and they all expressed the opinion that they could not agree. After a good deal of conversation between the jurors and the court, by which the opinions of most of the jurors were very fully disclosed, one of the jurors said: ''My opinion is if the instructions that have been given of the law were probably worded just a little bit different, we could come to an agreement. As they are, if we have got to take them just as they are without any further advice on the matter, I don't think we can agree.'' The court said: ''That is what I am here to instruct you in. In what way do you want further advice or further instruction?'' The juror said: ''Some contend for this: the evidence must prove exactly what the information charges.'' The court said: ''That is, it must prove as you have been heretofore instructed.'' After further conversation the court again reiterated the charge that the jury must find the defendant not guilty unless they find beyond a reasonable doubt that the defendant had committed the said act described in the information.

At this juncture, however, the court, for the first time, gave the jury a new instruction, to the effect that they might find the defendant guilty of an ''attempt'' to commit the crime charged, and read section 1159 of the Penal Code, and, at the request of the district attorney, and over the objection and exception of defendant, gave to the jury a third form of verdict, to wit: ''Guilty of an attempt to commit the crime charged in the information.'' The jury then retired again and returned the verdict convicting defendant of the attempt.

There is no doubt of the general rule that after a jury have retired for consultation they may be called into court for further instructions, but we think that it was erroneous and un-

fair to defendant to give the last instruction as to the attempt, at the time and under the circumstances at and under which it was given. The jury had been out for a very long time without being able to agree under the instructions which had been given them, and which had been on subsequent occasions repeatedly reiterated, and many of the jurors had practically told the court what their opinions were, and that if the instructions were changed so as to meet their views they could find a verdict of guilty, contrary to the former instructions. The project of instructing the jury for the first time, after they had been unable to agree for twenty-four hours, that they might, notwithstanding the former instructions, convict the defendant of the attempt, was clearly an afterthought suggested by the statements of the jurors as to how *they then stood*, and apparently intended to help them, not generally to arrive at a verdict, but to arrive at some sort of a verdict of guilty. Such a proceeding is, we think, a most dangerous interference with the right of a defendant to a fair trial. We do not know what occurred in the jury-room. Some of the jurors may have believed the evidence too slight to convict the defendant of any offense, and, for the purpose of argument, may have admitted that he might have been convicted of the attempt, if the former instructions had allowed it; and after the last instruction had been given may have been embarrassed by their former admissions. Moreover, the jury might very well have considered the last instruction as an intimation of the desire of the court that the defendant be convicted of some offense. Jurors exhausted by a long confinement, and naturally desirous of being released, are not in a suitable frame of mind to thoroughly consider an entirely new phase of the case under a new instruction which might fairly be construed as an expression of the court hostile to the defendant.

Moreover, if the evidence was not sufficient to convict the defendant of the act charged,—and the jury so found,—it is difficult to see how it was sufficient to find him guilty of an attempt to commit that act. The child herself testified that defendant did not do the act charged in the information; and if a certain condition of her person, claimed by the prosecution to have been proved, and other circumstantial evidence, did not warrant the jury to find defendant guilty of doing the act charged, it was not sufficient to support a verdict of guilty

of an attempt to do that act. The jury evidently must have considered the last instruction as giving them a wide power to find the defendant guilty of something, under the general category of an attempt to do the act charged in the information.

For the foregoing reasons the judgment and order must be reversed.

We do not think that any of the other points made by appellant would warrant a reversal. It was not error to admit the testimony of the child upon whom the offense is charged to have been committed; whether or not she was an incompetent witness on account of her age was a question within the discretion of the court. (Code Civ. Proc., sec. 1880; *People* v. *Craig,* 111 Cal. 469.) The remarks of the district attorney when addressing the jury furnish no ground for a reversal. There were no errors in giving or refusing instructions except as hereinbefore stated. A person might in law be guilty of an attempt to commit the crime defined in section 288 of the Penal Code. A mere licentious act is not itself a crime under the section. There must be such an act committed upon the body of a child under fourteen years old, and there could be an attempt to commit such an act without accomplishing it. It was settled in *People* v. *Burns,* 138 Cal. 159, affirming *People* v. *Gardner,* 98 Cal. 127, that an attempt to commit a crime may be punished by imprisonment for a definite term of years, although the crime, if accomplished, is punishable by a term which may be for life.

The judgment and order appealed from are reversed and the cause remanded for a new trial.

Henshaw, J., and Lorigan, J., concurred.