[Crim. No. 1734. In Bank.—November 9, 1912.]

## THE PEOPLE, Respondent, v. DONG POK YIP, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT INFAMOUS CRIME AGAINST NATURE—WANT OF CONSENT ESSENTIAL TO ASSAULT.—An assault with the intent to commit the infamous crime against nature implies repulsion, or at least want of consent on the part of the person assaulted, and where such want of consent is shown, the fact that the defendant was interrupted and his attempt rendered abortive did not make his conduct any the less criminal.

ID.—AGE AND MENTALITY OF PERSON ASSAULTED—ASSAULT ON YOUNG CHILD.—In such a case the age and mentality of the person assaulted is important and should always be considered in determining the presence or absence of consent, and the mere submission of a child of tender years or retarded mental development to an attempted outrage of his person should not, in and of itself, be construed to be such a consent as would, in point of law, justify or excuse the assault.

ID.—DIFFERENCE BETWEEN SUBMISSION AND CONSENT.—There is a decided difference in law between mere submission and actual consent.

Consent, in law, means a voluntary agreement by a person in the possession and exercise of sufficient mentality to make an intelligent choice, to do something proposed by another. It differs very materially from assent and implies some positive action and always involves submission. Assent means mere passivity or submission which does not include consent.

Id.—Evidence—Support of Conviction of Lesser Offense.—Where the evidence clearly would support a verdict for a higher offense, the conviction of a lesser crime necessarily included therein will not be set aside.

Id.—Conviction of Simple Assault.—Where the evidence is sufficient to support a conviction of an assault with the intent to commit the infamous crime against nature, a conviction of a simple assault will be upheld.

Id.—Sufficiency of Evidence to Sustain Conviction of an Attempt. It is not true as a rule of law that evidence which is insufficient to sustain a conviction for a crime would be insufficient to sustain a conviction for an attempt to commit the crime.

Id.—Cross-examination of Person Assaulted—Statements by Defendant.—On a trial for such offense, where the child alleged to have been assaulted was called as a witness for the defendant and gave his version of the occurrence, anything that the defendant may have said at the time became relevant and material and admissible in evidence on cross-examination, and the fact that the conversation narrated by the witness disclosed a statement of the defendant prejudicial to him and irrelevant to the issue being tried, did not render its admission erroneous.

APPEAL from a judgment of the Superior Court of Contra Costa County and from an order refusing a new trial. R. H. Latimer, Judge.

The facts are stated in the opinion of the court.

Carroll Cook, and Charles Stewart, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, for Respondent.

THE COURT.—Defendant was tried upon a charge of assault with intent to commit the infamous crime against nature, and was convicted of simple assault. He appeals from the judgment and from an order denying his motion for a new trial.

The alleged victim of the assault was a boy nine years of
age.   The only evidence given with reference to the episode
which culminated in the defendant's arrest was furnished
by one Rodrigues, bookkeeper for a certain transportation
company at Antioch, and by the boy who was called as a
witness by the defendant.   Mr. Rodrigues testified that from
his office on the wharf he saw the boy and the Chinaman,
Dong Pok Yip.   The latter had been fishing and the former
had been playing with another lad, but after a time the
witness observed them seated together and the Chinaman was
teaching the boy how to fish.   Subsequently he noticed the
boy fishing while the defendant, who had his arm around
the child, was whispering to him.   This attracted the par-
ticular attention of Mr. Rodrigues, who watched the two from
the door of his office.   As he was thus observing them the
Chinaman arose; helped the boy to his feet; and they walked
hand in hand along the wharf, but as they passed the office
they were not holding hands.   The boy seemed to the wit-
ness to be going willingly, and the latter observed no coercion
of any sort on the part of the Chinaman.   A few minutes
later the witness followed in the direction taken by the boy
and the defendant.   He found them near an oil tank in some
brush, which was about a foot in height in the direction from
which he was looking, but high enough to screen them from
any one who might look from the opposite side.   They were
both stooping, the boy, who faced Rodrigues, was in front
of the defendant, with his back to the latter, and defendant
had his hands on the sides of the boy's waist.   Rodrigues did
not see the lad's person, but he did observe that the back
of the boy's overalls hung down and that the Chinaman's
trousers were unbuttoned in front.   When they saw Rodri-
gues they quickly changed their positions, the boy slipping
one of the suspenders of his "bib overalls" over his shoulder
and the Chinaman fastening the top button of his trousers.
When they were thus seen by Rodrigues near the tank the
Chinaman had his hands on the boy's sides.   While the little
fellow was evidently not a child of even ordinary intelligence,
the learned judge of the superior court who presided at the
trial, after a very careful examination, permitted him to be
sworn as a witness.   There were some contradictions in his
testimony, but he declared that the defendant had not at-

CLXIV. Cal.—10

tempted to do anything to him. He also said that during all of the time he was with the defendant near the oil tank, they were facing each other. He also testified that the defendant used no force with him and did not take hold of him roughly. According to his testimony the Chinaman had made a disgusting proposal with reference to the boy's sister, coupled with a promise to give her money, and had exposed his person to the boy.

Appellant's contention is that since the verdict of the jury acquitted the defendant of the higher offense charged in the information, there is no evidence showing an intent on his part to commit any other sort of assault; and that although very slight physical force is sometimes sufficient to uphold a conviction of assault where a higher crime has been charged, the physical violence is measured by the outrage to the victim's feelings and its use in opposition to the will of that person; and in this case, the boy being a consenting party, there was no violence to his feelings and therefore no assault. The fallacy of this argument lies in the failure to consider the youth and the weak mentality of the child. When the case was before the district court of appeal that court sustained the conviction, and in the opinion, Mr. Presiding Justice Lennon, discussing the matter of consent, said, among other things:

"The fact that the defendant was interrupted and his attempt rendered abortive by the sudden and unexpected intrusion of a third party did not make his conduct any the less criminal. (*People* v. *Johnson,* 131 Cal. 512, [63 Pac. 842].) This of course assumes that the evidence in the case shows an absence of consent on the part of the boy; for it must be conceded, as contended by counsel for the defendant, that an assault implies repulsion, or at least want of consent on the part of the person assaulted (*People* v. *Gordon,* 70 Cal. 468, [11 Pac. 762]; 2 Bishop's New Criminal Law, sec. 35); and if it could be fairly said that the evidence in the present case compelled the conclusion that the boy knowingly consented to the commission of the crime charged against the defendant, there would be no escape from a reversal of the judgment. We are of the opinion, however, that the evidence upon the whole case falls short of showing that the boy actually and knowingly consented to

be the victim of the alleged assault. It may be admitted that the evidence shows that the boy was ignorantly indifferent and passive in the hands of the defendant, even to the point of submission; but there is a decided difference in law between mere submission and actual consent. Consent, in law, means a voluntary agreement by a person in the possession and exercise of sufficient mentality to make an intelligent choice, to do something proposed by another. 'Consent' differs very materially from 'assent.' The former implies some positive action and always involves submission. The latter means mere passivity or submission, which does not include consent. (*Geddes* v. *Bowden,* 19 S. C. 1, 7; *Aull* v. *Columbia N. & L. R. Co.,* 42 S. C. 431, [20 S. E. 302]; Bouvier's Law Dict.) In cases of the character under discussion, the age and mentality of the subject of an indecent assault is important, and should always be considered in determining the presence or absence of consent. The mere submission of a child of tender years or retarded mental development to an attempted outrage of its person should not, in and of itself, be construed to be such consent as would, in point of law, justify or excuse the assault. (2 Bishop's New Criminal Law, sec. 35, subd. 2.) It is neither unreasonable nor unnatural to assume that such a child, in the hands of a strong man, might be easily overawed into submitting without actually consenting. (*Hill* v. *State,* 37 Tex. Cr. 279, [66 Am. St. Rep. 803, 38 S. W. 987, 39 S. W. 666].) In the case at bar the jury was properly instructed by the trial court that if the boy consented to the assault complained of the defendant should be found not guilty. Presumably the jury, in its deliberations, heeded this instruction, but upon weighing the evidence concluded, justly, we think, that the boy victim of the assault merely submitted to the act attempted by the defendant without knowing the nature of the act or realizing the design of the defendant.''

These views are, in our opinion, correct and are hereby adopted by this court.

If the jury had found the defendant guilty under the evidence presented of assault with intent to commit the infamous crime against nature, we would have been compelled to sustain the judgment. The testimony revealed the fact that the defendant had first secured the confidence of the child

by giving him some instruction in the art of fishing; that he had then led the little fellow to a secluded place such as would be selected for the commission of the crime charged; that he had then induced the boy to take a position and he himself had assumed an attitude which clearly indicated his indecent purpose; that previously he had exposed his own person; and that the child's clothing had been disarranged in a manner which comported with the theory of the prosecution regarding the defendant's intent. All of this, coupled with the lack of consent on the part of the little boy, as discussed above, was sufficient to support a verdict of guilty of assault with intent to commit the infamous crime against nature. Where the evidence clearly would support a verdict for a higher offense, the conviction of a lesser crime necessarily included therein will not be set aside. (*People* v. *Muhlner,* 115 Cal. 306, [47 Pac. 128].) The only acquittal in this case was of the major crime charged, but this, as the attorney-general says in his brief, did not "include an acquittal of an intent to take indecent liberties or to practice other lewd and lascivious acts or to commit any other unlawful act such as may constitute an assault." We conclude, therefore, that the conviction of simple assault must be sustained under the evidence in this case. Nothing said by this court in *People* v. *Stouter,* 142 Cal. 146, [75 Pac. 780], conflicts with the conclusion reached here. In that case the defendant had been found not guilty of the crime defined by section 288 of the Penal Code, but had been convicted of an attempt to commit said offense. It was held that the superior court erred in giving an instruction after the jury had been out many hours, by which they probably inferred the judge's belief that the defendant should be convicted of an attempt to commit the crime alleged. This court also said: "Moreover, if the evidence was not sufficient to convict the defendant of the act charged—and the jury so found—it is difficult to see how it was sufficient to find him guilty of an attempt to commit that act. The child herself testified that defendant did not do the act charged in the information; and if a certain condition of her person, claimed by the prosecution to have been proved, and other circumstantial evidence, did not warrant the jury to find defendant guilty of doing the act charged, it was not sufficient to support a verdict of guilty of an attempt to do that act. The jury

evidently must have considered the last instruction as giving them a wide power to find the defendant guilty of something, under the general category of an attempt to do the act charged in the information.'' The language quoted above must be limited to the facts of that case, which, by the way, are not reviewed extensively in the opinion. It is not true as a rule of law, nor did the court say in the Stouter case that evidence which is insufficient to sustain a conviction for a crime would be insufficient to sustain a conviction for an attempt to commit the crime.

Upon the only other important ruling assigned as error by appellant we adopt the opinion of the district court of appeal:

''Upon cross-examination of the boy the district attorney asked, 'What did the Chinaman do at that time?' The witness started his answer by attempting to repeat what the defendant said, whereupon counsel for defendant interrupted with the objection that whatever the defendant may have said was not cross-examination. Upon the objection being overruled the completed answer revealed the fact that the defendant had offered two dollars for an opportunity of meeting and 'doing something' to the boy's sister. It is now claimed that this testimony was hearsay, and that the objection made at the trial that it was not cross-examination should have been sustained. Obviously what the defendant did, including what he said, was not hearsay, and in view of the direct examination it was clearly cross-examination. Anything that the defendant may have said which was relevant and material to the commission of the offense was admissible in evidence; and as the trial court could not know and had no reason to anticipate the answer of the witness the objection was properly overruled. Under such circumstances the fact that the witness narrated a conversation of the defendant which disclosed a statement of the defendant prejudicial to him and irrelevant to the issue being tried, did not make the ruling erroneous. In such a contingency the defendant might have availed himself of a motion to strike out the answer, but not having done so he will not now be heard to complain.''

The judgment and order are affirmed.

Beatty, C. J., does not participate in the foregoing decision.