## Brown v. Commonwealth.

(Decided September 14, 1920.)

### Appeal from Boone Circuit Court.

1. Rape—Assault With Intent to Commit Rape—Instructions.— Where a defendant is charged with "detaining a woman against her will for the purpose of having carnal knowledge of her," the penalty for such crime being confinement in the penitentiary, the evidence proving the crime charged, if anything, it is error for the court to give an instruction on assault and battery.

2. Criminal Law—Impeachment of Witness—Rebuttal Evidence.—In every criminal case where rebuttal evidence is introduced for the purpose of contradicting or impeaching a witness, it is the duty of the trial court to admonish the jury concerning the purpose of such evidence and to restrict it to its proper scope.

3. Criminal Law—Submission to Jury—Instructions.—After the submission of a case to the jury, it is improper for the court to give additional instructions, but not necessarily prejudicial.

O. M. ROGERS for appellant.

CHARLES I. DAWSON, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant Brown was indicted in the Boone circuit court for the statutory crime of detaining a woman against her will for the purpose of having carnal knowledge of her. There were but two eye witnesses, the prosecuting witness, Mrs. Maude Rogers, and the defendant Brown. After testifying about visiting the store of appellant for the purpose of buying some dress goods the witness, Mrs. Rogers, stated that she at the invitation of Brown went into his residence which stood nearby the store for the purpose of listening to some music, and upon learning that his wife was away from home she was about to depart. Her evidence upon this subject is as follows:

"And then I started out and when I started, he grabbed me, and he said, 'What a pretty little hand you have;' he says 'You do what I want you to and I will give you the dress goods.' Q. Did he do that with your permission or against your consent? A. It was against. Q. What did you do if anything? A. I got away from him as soon as I could and started out the door. Q. How long were you in this residence of Mr. Brown's altogether? A. About five or ten minutes I suppose."

This is all the evidence on the subject of the taking and detaining.

At the conclusion of the evidence. the court instructed the jury on the charge in the indictment and in a second instruction authorized the jury to find the defendant guilty of the offense of "assault and battery," if it believed from the evidence beyond a reasonable doubt that the defendant Brown in Boone county and within twelve months before the finding of the indictment did "maliciously assault, upon the head, body and arms, limbs, or person of her, the said Maude Rogers, with his hands, fists or person, but not with the intention to have carnal knowledge of her." . . . The third instruction told the jury what force was necessary to constitute the crime of detaining a woman. The fourth instruction directed the jury to find the defendant not guilty if it entertained a reasonable doubt of his guilt.

After counsel had argued the case and it had been submitted to the jury and the jury had deliberated for more than two hours and had reported to the court that it could not agree upon a verdict, the court of his own motion and over the objection of appellant gave to the jury instructions numbers 5a and 5b, which read as follows:

5a. "An assault is an attempt or offer with force or violence to do a corporeal hurt to another by striking at another in striking distance with or without a weapon though the party striking misses his aim."

5b. "A battery is any unlawful touching of the person of another either by the aggressor himself or any substance set in motion by him."

The jury then retired to their room for further consideration of the case and shortly thereafter returned into court the following verdict:

"We the jury find the defendant guilty and fix his fine at $300.00."

As the penalty for detaining a woman against her will for the purpose of having carnal knowledge of her is confinement in the penitentiary, it is manifest that appellant was only found guilty of assault and battery. The defendant appeals from the judgment entered upon the verdict, insisting that this court should grant him a new trial for several reasons, chief among them being that there is no evidence which in the least degree tends to support the verdict of assault and battery which

does not constitute the offense charged in the indictment of detaining a woman against her will for the purpose of having carnal knowledge of her, had the jury believed the evidence of the prosecuting witness.

Mrs. Rogers, the prosecuting witness, testified that appellant "Grabbed me and he said, what a pretty little hand you have;" he says, "You do what I want you to and I will give you the dress goods." In this statement is contained all the evidence on the subject of assault. If it proves anything it proves that the appellant assaulted the prosecuting witness with intention to detain her and have carnal knowledge of her. There is nothing at all in the evidence to indicate that he maliciously assaulted her for the purpose of doing her bodily injury. The words which she testified he uttered indicate that he desired to have sexual intercourse with her. It therefore seems quite plain that there was no evidence heard by the jury which warranted the court in giving the instruction on assault and battery, though we can conceive cases in which such an instruction would be quite proper.

Complaint is also made that after the submission of the case to the jury the court on its own motion gave to the jury an additional instruction on the subject of assault and battery. This was improper and of course will not occur upon another trial. Pearce v. Commonwealth, 19 Ky. L. R. 782; Wilhelm v. Commonwealth, 16 Ky. L. R. 429; Middleton v. Commonwealth, 136 Ky. 354; Bowman v. Commonwealth, 31 R. 829.

In every criminal case where rebuttal evidence is introduced for the purpose of contradicting or impeaching a witness, it is the duty of the trial court to admonish the jury concerning the purpose of such evidence and to restrict it to the scope of rebuttal testimony. This the trial court neglected to do although the attorney for appellant entered a motion to that end. This exact question was passed upon in the case of Fuqua v. Commonwealth, 73 S. W. 782, where in discussing the rule we held "The court erred in not instructing the jury that the evidence of the witness introduced was only admissible for the purpose of contradiction, and was not to be considered as substantative evidence against appellant." See also Mullins v. Commonwealth, 67 S. W. 824; Jones v. Commonwealth, 67 S. W. 472; Collins v. Commonwealth, 25 S. W. 743; Redden v. Common-

wealth, 140 Ky. 94; South Covington & Cin. Street Ry. Co. v. Finon, Admrx., 153 Ky. 347.

Judgment reversed for a new trial not inconsistent with this opinion.

Judgment reversed.