[Crim. No. 2970. Second Appellate District, Division One.—July 21, 1937.]

THE PEOPLE, Respondent, v. FRED M. PURCELL, Appellant.

128

Morris Lavine for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

HOUSER, P. J.—Defendant was convicted on each of five counts of burglary of which theretofore he had been charged in an information that had been filed against him. At the same time, in accord with accusations which were contained in each of such counts of burglary, the fact was found by the jury that theretofore defendant had been convicted of a felony on each of three separate occasions, and that "said defendant served a term of imprisonment therefor in the state prison". He appeals from the ensuing "judgments and sentences" that were pronounced against him.

Appellant first suggests that the evidence was insufficient to support the several judgments. In that regard, as to each of the counts contained in the information, the evidence was replete with reference to the fact that a burglary had been committed; that in the commission of that crime certain articles of either jewelry or some other merchandise were stolen; that at least one of such articles was found in the possession of defendant; and that he admitted that it was he who had forcibly entered the burglarized premises and had taken the specific article in question. The point urged by appellant is without merit.

Appellant urges the same point with respect to the finding by the jury that defendant had suffered either of two of the said three prior convictions. However, as far

as that specification concerns the first of such findings, appellant presents neither authority nor argument in its support. In such circumstances, the contention of appellant is unworthy of serious consideration. ■ Reverting to the second of such findings, appellant's complaint appears to be that "a photograph, with nothing more" would be insufficient. In that connection, the evidence of the former conviction of a felony of defendant and that he "served a term" therefor, consisted of a certificate that was made by the superintendent of the penitentiary of the state of Washington, to the effect that as such superintendent he was the custodian of the original files and records of persons theretofore committed to such penal institution, and that "the (1) photograph, (2) finger print record and (3) commitment", that were attached to said certificate "are copies of the original records of Fred Munroe Preston WSP #2846, a person heretofore committed to said penal institution and who served a term of imprisonment therein";—which certificate, under the provisions of section 969b of the Penal Code, was introduced in evidence in the instant case. The objection by defendant that no foundation was laid for the introduction of the photograph, in that no showing was made as to when, where, or under what circumstances it was taken, is of no avail. Nor was the objection, then and there urged by defendant that a photograph "is not a record" within the meaning of the language contained in said section of the Penal Code, of any consequence. The only foundation that is required for the introduction of the certificate is that it be made "by the official custodian of such records" (sec. 969b, Pen. Code); and no suggestion was ever made by defendant that before the certificate itself would become properly admissible the evidence must establish the fact that the purported custodian of the record was in fact such custodian. In itself, the certificate shows that a man by the name of Fred Munroe Preston, whose photograph was attached to the certificate, served a term of imprisonment under a commitment (a copy of which also was thereunto attached) for his conviction of the crime of burglary.

What may constitute a "public record", as well as whether anything contained in such a record may properly and appropriately be admissible in evidence, is illustrated by the following authorities:

"Whenever a written record of the transactions of a public officer in his office is a convenient and appropriate mode of discharging the duties of the office, and is kept by him as such, whether required by express provision of law or not, such a record is a public record, and as such is admissible in evidence." (*State* v. *Ewart,* 52 S. D. 619 [219 N. W. 817].)

"A public record, strictly speaking, is one made by a public officer in pursuance of duty, the immediate purpose of which is to disseminate information to the public, or to serve as a memorial of official transactions for public reference." (*People* v. *Harnett,* 131 Misc. 75 [226 N. Y. Supp. 338].) To the same effect see *State* v. *Grace,* 43 Wyo. 454 [5 Pac. (2d) 301, 303].

In *People* v. *Reese,* (1932) 258 N. Y. 89 [179 N. E. 305, 179 A. L. R. 1329], it was held that a New York statute authorizing the custodian of finger-print records to certify to the fact that his records show prior convictions of persons whose prints are identical with those of a defendant, did not authorize the admission of such a certificate from such a custodian of finger-prints in any other state. However, the court, by Cardozo, Ch. J., went on to say: "No doubt a foreign custodian, annexing fingerprints to his certificate, would be competent, to certify without the aid of any statute that they were prints or copies of prints kept upon his files in conformity with law, and to state, after comparison with the warrant of commitment, the name of the prisoner whose prints were so recorded. (3 Wigmore on Evidence, sec. 1677, p. 552.) There would be a presumption in such circumstances that the prisoner fingerprinted was the prisoner committed; . . . (Citing authorities.) . . . The rule of confrontation which in this state is purely statutory . . . has never been deemed to require the exclusion of certificates or records made by a public officer in the course of his official duty. . . . Upon proof that a person bearing the same name (5 Wigmore on Evidence, sec. 2529, p. 531, . . . ) had been convicted by a court of competent jurisdiction, a certificate, so framed, would be admissible in evidence, if properly authenticated. . . . The certificate being received, comparison of the prints annexed with the prints of the defendant on file in this state could then be made in open court by a witness qualified to testify. . . . "

In consideration of the foregoing authorities and the circumstances connected with the certificate in the instant case, to assert that a photograph is not a part of the record is to quibble with the language of the statute.

■ It is manifest that if the photograph disclosed the fact that the man "Fred Munroe Preston" and defendant were one and the same person, such evidence (together with the other pertinent facts contained within the certificate) was sufficient to establish the ultimate fact of "prior conviction" of defendant. The photograph was the determinative evidence with reference to that issue, and it was for the jury to declare by its finding whether the photograph in question was that of defendant. Having on the evidence determined that particular point against defendant, the fact is conclusive and binding as far as this court is concerned.

■ But appellant also contends that section 969b of the Penal Code, under the provisions of which the certificate was made admissible regarding the fact of "prior conviction", was and is violative of both section 13 of article I of the Constitution of this state and the "due process" clause of the Constitution of the United States, in that, by the terms of the statute, evidence may be received in a criminal case which is not only hearsay, but also is contrary to the right to confront and to cross-examine the witnesses who may testify against him.

In the first place, it should be noted that the assumed right of a defendant to be confronted with the witnesses against him is not expressly carried into the language of either the Constitution or the statutes of this state. (*People* v. *Sierp,* 116 Cal. 249 [48 Pac. 88]; *People* v. *Wilson,* 26 Cal. App. 336 [146 Pac. 1048].) In volume 3 of the Permanent Supplement to Ruling Case Law, at page 2175, in part, it is said that "the right of an accused person to be confronted with witnesses against him is guaranteed by the constitution of every state of the Union except California (and others) . . . " Moreover, it should be noted that the provisions of the Sixth Amendment to the Federal Constitution have been held inapplicable to proceedings in state courts. (Notes, 129 Am. St. Rep. 29; 5 L. R. A. 834; 25 L. R. A. (N. S.) 868; 1 Ann. Cas. 471. See, also, *State* v. *Gaetano,* 96 Conn. 306 [114 Atl. 82, 15 A. L. R. 458]; notes, Ann. Cas. 1916A, 1091, 1093; 15 A. L. R. 502.)

Furthermore, with reference to documentary evidence, in 8 Ruling Case Law, at page 88, it is stated that "what is called documentary evidence—that is, facts proved by a document or a duly authenticated copy thereof—is not objectionable as violative of this constitutional right. Documents are not witnesses. (Citing authorities.) At the trial of a charge of bigamy, for instance, proof of the official record of the marriage which is the foundation of the charge does not infringe the defendant's constitutional right." (Citing note to 129 Am. St. Rep. 236.) To the same effect see *Dowdell* v. *United States*, 221 U. S. 325 [31 Sup. Ct. 590, 55 L. Ed. 753].

It also has been held in *Commonwealth* v. *Slavski*, 245 Mass. 405 [140 N. E. 465, 29 A. L. R. 281], that "one of the acknowledged exceptions to the face-to-face rule of evidence is that public records are competent evidence when of probative value respecting an issuable fact. That is an ancient principle of the common law, recognized at the time of the adoption of the constitution".

The exact point was decided against the contention of appellant in the case of *People* v. *Russell*, 131 Cal. App. 646 [21 Pac. (2d) 959], wherein the court said: "No objection is made to the sufficiency of the evidence to support the charges of violations of the sections of the Penal Code, but it is claimed that section 969b of that code, making certain records evidence of a prior conviction, violates the due process clauses of the state and federal Constitutions. As shown by the following there is no merit in this contention: . . . (citing many authorities). . . . "

In addition thereto, it should be remembered that the evidence to which appellant has referred was not directed to the question of whether defendant was guilty of either or any of the offenses of which he was accused, but that such evidence was applicable solely to the collateral question of whether theretofore defendant had been convicted of a felony;—which question, if answered affirmatively by the jury, together with a verdict of "guilty", became of importance only in determining to what punishment, if any, defendant would be subject. In that regard, and touching that issue only, neither the *quantum* nor the character of the evidence necessary to sustain an affirmative declaration by the jury is prescribed either by the Constitution or by the statutes. (*People* v. *Rudolph*, 28 Cal. App. 683 [153 Pac. 721].)

In such circumstances, even assuming that ordinarily on the trial of a criminal action the defendant therein is entitled to confront the .witnesses against him, nevertheless, that rule is inapplicable to an incidental issue in the case which in no way touches the question of whether defendant is guilty of the commission of the offense of which he is charged.

With reference to one of the "priors", appellant contends that the trial court committed prejudicial error in permitting a deputy sheriff to testify regarding "records, booking slips, photographs and other data not taken by him nor in his presence". The point is untenable. From the record it appears that all such evidence constituted a part of the records of the sheriff's office of the county of Los Angeles, and that the witness was one of the custodians of such records. Besides, by section 865 of the Political Code it is provided that: "In all cases not otherwise provided for, each deputy possesses the powers and may perform the duties attached by law to the office of his principal"; and by section 4315 of the same code it is declared that: "Whenever the official name of any principal officer is used in any law conferring power, or imposing duties or liabilities, it includes deputies." (See, also, section 969b of the Penal Code.)

Appellant next assigns as error the action of the trial court in giving to the jury, on the morning following the afternoon on which it commenced its deliberations, two "amended" instructions, by the first of which the trial court qualified an instruction theretofore given, to the effect that mere possession of stolen property was not sufficient to convict a person of burglary, by stating that the possession of stolen property, "if not innocently explained, or in connection with other facts or circumstances, is a matter which you have the right to consider", and that the fact of entry "may be proved by circumstantial as well as direct evidence, and his intent may be inferred from all of the facts and circumstances connected with the case, including any confessions or admissions of the defendant". By the second "amended" instruction the jury was directed to disregard an instruction theretofore given to it, to the effect that it might distrust lesser evidence when it appeared that better evidence might have been produced, "as there is nothing in this case to indicate that any evidence less than the best available evidence has been produced by the People".

It is contended that by these instructions the trial court "improperly influenced" the jury, and that the giving thereof was "contrary to the rule in *People* v. *Stouter*, 142 Cal. 146 [75 Pac. 780]". In that case the Supreme Court recognized "the general rule that after a jury have retired for consultation they may be called into court for further instructions", but based its reversal of the judgment of conviction on the ground that it was unfair to the defendant, after the case had been tried and the jury had been instructed upon the theory that he was either guilty or innocent, and where the jury had remained in hopeless disagreement after twenty-four hours' deliberation, for the trial court to authorize, and, in effect, to suggest, that the jury find the defendant "guilty of an *attempt*" to commit the crime charged. It also appears from the opinion that the Supreme Court thought the evidence insufficient to support the verdict of "guilty of an *attempt*". In the instant case, it is clear that the instruction concerning the kind of evidence which the jury might consider was a correct statement of the law. (*People* v. *Russell*, 120 Cal. App. 622 [8 Pac. (2d) 209], and cases there cited; sec. 21, Pen. Code.) Nor does appellant claim that the other instruction, to the effect that there was nothing to indicate that the prosecution had not produced the best evidence available, was a misstatement of fact. Such circumstances, together with a consideration of the evidence adduced against defendant, impel the conclusion that the giving of said "amended instructions" did not result in a miscarriage of justice.

Since the jury found against defendant as to three of the prior convictions charged in the information, which finding made him subject to the maximum punishment prescribed by section 644 of the Penal Code, it is plain that prejudicial error cannot be predicated upon the failure of the jury to render a "verdict of acquittal", or any "verdict", or finding upon the charge of a fourth prior conviction which the prosecution abandoned in the course of the trial. As far as the instant appeal is concerned, it is immaterial what legal consequences resulted from the action of the jury in that regard.

The judgments, and the order by which defendant's motion for a new trial was denied, are affirmed.

York, J., Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 19, 1937.