[Crim. No. 20281. Second Dist., Div. Four. Jan. 17, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
STANLEY JENNINGS, Defendant and Appellant.

## COUNSEL

Daniel H. Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Lawrence P. Scherb II, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—Defendant was charged, in counts I and II, with assaults on two individuals with intent to commit murder, in violation of section 217 of the Penal Code and (jointly with Donald Roberts) in counts III and IV, with a similar offense against two other victims. A prior felony conviction was charged against defendant. He pled not guilty; the record does not indicate any plea as to the alleged prior.[1] During the course of the trial the court, on its own motion, dismissed the prosecution as to Roberts and dismissed count IV as to defendant. The case went to the jury on counts I, II and III. Ultimately, and after the events hereinafter discussed, the jury returned verdicts under counts I, II and III of guilty of assault with a deadly weapon, in violation of subdivision (a) of section 245 of the Penal Code. His motion for a new trial was denied; probation was denied; he was sentenced to state prison, the sentences to run concurrently. He has appealed; for the reason discussed below, we reverse.

It is not denied that defendant stabbed the victims named in counts I and II, nor that he shot the victim named in count III. The injuries in each case were serious. The defense was that of self-defense.

In chambers, during the conference on proposed instructions, defendant sought an instruction on simple assault; he objected to an instruction under section 245 because of the contention hereinafter discussed in this opinion as to the unconstitutionality of the penalty under that section. The trial court refused the request to instruct on simple assault and acquiesced in the objection to an instruction on section 245. Except for

---

[1]The judgment recites that "no action having been taken as to prior conviction."

those two rulings, no objection appears as to any other instruction and none is urged here.

The jury returned twice for further instructions and for the re-reading of some already given. The further instructions then given all related to, and explained, the instruction on section 217 already given. When the jury returned for a third time, to report a continuance of a state of being unable to reach a verdict, a dialogue ensued which made it apparent that the difficulty lay in reaching a unanimous determination of intent to murder. The trial court then, over the objections of defendant as hereinafter discussed, instructed on simple assault and on subdivision (a) of section 245 as being lesser and included offenses. The jury again retired and, after 20 minutes, returned with the verdicts of guilty under section 245.

## I

Except for the constitutional argument discussed below, it is not here contended that instructions on simple assault and on section 245 would have been improper if given at the outset.[2] ▇ The contention now made is that, the giving of those additional instructions at the time, and under the circumstances then existing, was error.

We cannot see that the case at bench differs, in any material factor, from *People* v. *Stouter* (1904) 142 Cal. 146 [75 P. 780]. In that case defendant had been charged with a violation of section 288 of the Penal Code. The trial court instructed only on that offense. The jury was out for over 24 hours, during which time they had returned once for further instructions. The dialogue beween court and jury made it clear that the jury was unable to agree that the alleged violation had been committed in the form alleged in the information. The trial court then, for the first time, instructed on attempt as an included offense. The jury promptly returned a verdict of attempt. As to such procedure, the Supreme Court said: "There is no doubt of the general rule that after a jury have retired for consultation they may be called into court for further instructions, but we think that it was erroneous and unfair to defendant to give the last instruction as to the attempt, at the time and under the circumstances at and under which it was given. The jury had been out for a very long time without being able to agree under the instructions which had been given them, and which had been on subsequent occasions repeatedly reiterated, and many of the jurors had practically told the court what

---

[2]Since the information expressly alleged that the several assaults were committed "with a deadly weapon . . . with the intent . . . to kill and murder . . ." the offense denounced in subdivision (a) of section 245 was a lesser and included offense under the rule of *People* v. *Marshall* (1957) 48 Cal.2d 394 [309 P.2d 456].

their opinions were, and that if the instructions were changed so as to meet their views they could find a verdict of guilty, contrary to the former instructions. The project of instructing the jury for the first time, after they had been unable to agree for twenty-four hours, that they might, notwithstanding the former instructions, convict the defendant of the attempt, was clearly an afterthought suggested by the statements of the jurors as to how *they then* stood, and apparently intended to help them, not generally to arrive at a verdict, but to arrive at some sort of a verdict of guilty. Such a proceeding is, we think, a most dangerous interference with the right of a defendant to a fair trial. We do not know what occurred in the jury-room. Some of the jurors may have believed the evidence too slight to convict the defendant of any offense, and, for the purpose of argument, may have admitted that he might have been convicted of the attempt, if the former instructions had allowed it; and after the last instruction had been given may have been embarrassed by their former admissions. Moreover, the jury might very well have considered the last instruction as an intimation of the desire of the court that the defendant be convicted of some offense. Jurors exhausted by a long confinement, and naturally desirous of being released, are not in a suitable frame of mind to thoroughly consider an entirely new phase of the case under a new instruction which might fairly be construed as an expression of the court hostile to the defendant." (*People* v. *Stouter* (1904) 142 Cal. 146, 149-150 [75 P. 780].) It is true that the Supreme Court also commented that, under the evidence in the *Stouter* case the record did not show an attempt —the evidence indicating success or nothing. However, the case has been regarded in a subsequent opinion as laying down the rule herein ascribed to it. (*People* v. *Beatty* (1942) 55 Cal.App.2d 258, 260 [130 P.2d 433].) The People's reliance on *People* v. *Purcell* (1937) 22 Cal. App.2d 126 [70 P.2d 706], is unfounded. *Purcell* distinguished *Stouter* on the ground that, in *Purcell*, the later instructions merely amplified the original instructions as to the offense originally submitted to the jury; they did not, as in *Stouter* and here, introduce, in the midst of jury deliberation, a new and theretofore unmentioned offense.[3]

---

[3]Except for *Beatty* and *Purcell*, we can find only one other reference to this portion of the *Stouter* opinion in the California cases (the opinion has been cited in several cases for other points in the case). In *People* v. *Dong Pok Yip* (1912) 164 Cal. 143, 148 [127 P. 1031], *Stouter* is cited, but only for the point that simple assault is included within a charge of assault with intent to commit sodomy; no problem as to delayed instructions arose in *Dong Pok Yip*.

However, the *Stouter* rule was relied on and followed by the Arkansas court in *Rush* v. *State* (1965) 239 Ark. 878 [395 S.W.2d 3, 6-9]. The same rule was announced by the courts of West Virginia (*State* v. *Anderson* (1936) 117 W.Va. 265 [185 S.E. 212]) and Kentucky (*Brown* v. *Commonwealth* (1920) 188 Ky. 814 [224 S.W. 362]).

## II

■ The offense described in section 217 of the Penal Code carries a penalty of one to fourteen years in state prison. Originally, the offense described in subdivision (a) of section 245 carried a penalty of "not exceeding 10 years"; in 1970 the penalty was changed and that offense presently carries a penalty of six months to life.[4] Defendant argues that, as a result of the 1970 legislation, a person might suffer a higher penalty (life) for an offense lesser than that described in section 217 (15 years) and that this violates the provisions of the Fourteenth Amendment. In support of that argument, he relies on *Cannon* v. *Gladden* (1955) 203 Ore. 629 [281 P.2d 233]. Apart from that case, we are cited to no other authority to support the proposition that the guarantee of equal protection requires the Legislature to be logically consistent in fixing penalties. We cannot say that, because section 245 does not require proof of an intent to kill, as does section 217 (and is therefore "lesser" in that respect), the Legislature may not have felt that the conduct denounced in section 245 was sufficiently more likely to occur than that denounced in section 217 and that, for that reason, a greater penalty was required as a deterrent.

## III

■ Although defendant objects, under *Stouter*,[5] to the delayed giving of the instruction on simple assault, he argues that it should have been given at the outset. We agree only in part. The evidence as to counts II and III was such as to make any verdict of simple assault unjustified. However, there was evidence as to the conduct of the victim named in count I which could have supported a finding of simple assault as to him, on the theory of using an excessive degree of force to resist an unnecessarily violent attack by that victim.[6] On a retrial, the jury should be instructed accordingly.

The judgment is reversed.

Jefferson, Acting P. J., and Dunn, J., concurred.

---

[4]Statutes 1970, chapter 796.

[5]Since he was not found guilty of simple assault, that portion of his argument clearly is without significance.

[6]Pipkins, the victim named in count I, came to the defense of the victim named in count II. Pipkins attacked defendant from the rear, using a piece of metal cable. Defendant testified that that attack dazed him and that he attacked Pipkins to stave off any further hitting with the cable. While the jury was not required to accept the self-defense theory, it might have regarded the situation as one of simple assault only.