[Crim. No. 2828.   Second Appellate District, Division One.—March 30, 1936.]

THE PEOPLE, Respondent, v. EDWARD QUINN, Appellant.

J. Harvey Hearn for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

WHITE, J., *pro tem.*—Appellant was charged by an information in three counts with violation of sections 288 and 288a of the Penal Code. He was acquitted of the offenses charged in counts 2 and 3, and convicted by the jury as to count 1, which charged a violation of section 288 of the Penal Code. From the order denying his motion for a new trial and from the judgment pronounced against him, appellant prosecutes this appeal.

A reversal is urged upon the single ground of the insufficiency of the evidence to support the verdict. The victim of defendant's alleged felonious assault was a girl of the age of six years and three months, living at home with her mother near the home of defendant. No claim is made that the testimony of the child, if capable of belief, is not alone sufficient to support the verdict, but in this behalf it is earnestly urged that her testimony, when considered in the light of contradictions appearing therein and conflict with the testimony of other witnesses, must be held by this court to be so inherently incredible as to be no evidence at all.

Defendant's contention that the little girl's testimony was manifestly false and inherently improbable grows out of a number of apparent inconsistencies developed by the cross-examination of the witness. For instance ·the child testified that when she went into appellant's home he locked the door, while the witness Mrs. Marie Fassetta testified that when she went to defendant's apartment the door was open and the screen unlocked. At one time the child testified that Mrs. Fassetta did not knock on the door when the latter came to defendant's apartment, and again, the girl stated that the lady did knock on the door. Further, the child testified she told no one except her mother what defendant had done with her, and later contradicted this by saying she also told Mrs. Fassetta. The girl also testified that the lewd acts complained of were committed upon her in the morning, while the testimony of Mrs. Fassetta and the child's mother would indicate that the assault was committed between 3 and 5 o'clock in the afternoon. Notwithstanding an extremely long cross-examination, the child stated and restated the nature of the lascivious acts which she contended the defendant had committed upon her.

While the alleged variances or inconsistencies apparent in the child's testimony and the contradictions referred to undoubtedly afforded opportunity for a persuasive argument to the jury against the reliability of her testimony, we find nothing in them from which a reviewing court could justly conclude that her entire testimony is *per se* unbelievable, and that it was therefore the jury's duty not only to disregard it, but to accept the defendant's denial of any wrongdoing on his part. Reviewing judges are, obviously, in no position to determine the credit which should be accorded to witnesses or to weigh their testimony. Undoubtedly for that reason our Constitution provides that the appellate courts are not authorized to review evidence, except where, on its face, it may justly be held that it is insufficient to support the ultimate issue involved, in which case it is not a review of a question of fact, but purely one of law. (*People* v. *Haydon,* 18 Cal. App. 543, 553 [123 Pac. 1102].) Carrying out the spirit and intent of this constitutional provision, the legislature has ordained that the jury are the exclusive judges of the credibility of witnesses (Code Civ. Proc., sec. 1847), and are the judges of the effect and value of evidence addressed to them, except in those instances where it is declared by law that it shall be conclusive. (Code Civ. Proc., sec. 2061.) It necessarily follows from the rules just noted that the jury in this case were authorized, if they conscientiously felt warranted in so doing, after full and fair consideration thereof, to reject any testimony which might have been contradictory to that of the child witness (*People* v. *Phelan,* 123 Cal. 551, 557 [56 Pac. 424] ; *People* v. *Wright,* 4 Cal. App. 704, 706 [89 Pac. 364] ; *People* v. *Turpin,* 10 Cal. App. 526, 530 [102 Pac. 680] ; *Clark* v. *Tulare L. D. Co.,* 14 Cal. App. 414, 432 [112 Pac. 564]), and, therefore, to disbelieve the testimony of the defendant and accept that of the child as to the immediate circumstances of the alleged felonious assault and the actions constituting the same, however weak in places the latter's testimony may have been made to appear, or however sharply her testimony on other important points might have conflicted with the testimony of other witnesses.

In addition thereto, we must remember that a motion for a new trial was made in this case and denied by the trial court. The judge of that tribunal had the witnesses before him, was fortified with an opportunity to observe their manner and

demeanor on the stand and apparent candor or lack of the same, and the reasonableness or unreasonableness of the stories they told; and unless he believed the testimony of the child and disbelieved the evidence given by the defendant, it not only was his privilege but his duty to grant a new trial. In denying the motion for a new trial the lower court concurred in the action of the jury, which rejected defendant's denial and accepted the testimony of the child witness concerning the lewd and lascivious acts claimed by her to have been committed upon her by the defendant.

It might also be here observed that the child's testimony finds some support and corroboration in the conduct of the defendant at the time of and subsequent to his arrest. Shortly after the defendant was taken into custody he was confronted with the child victim, and the latter was asked by a police officer whether the defendant was the man that had "bothered her", to which the girl answered, "Yes," and appellant remained silent at the time of this conversation. Prior to this the defendant, outside the presence of the child, it is true, denied to the police that he had "bothered" the child. Subsequently, according to the testimony of the police officers, appellant told them he would neither admit nor deny the accusations made by the girl against him.

In the case of *People* v. *Haydon, supra,* the court, on page 555, said: "A statement, to bear upon its face the brand of improbability, or which may be said to be unbelievable *per se,* must involve, we think, a claim that something has been done that it would not seem possible could be done under the circumstances described, or involve conduct that no one but a person of a seriously calentured mentality would be likely to do."

Even if it be conceded that the child was mistaken or even told an untruth when she said the offense against her was committed in the morning; that she was again mistaken or told an untruth when she said the defendant locked the door of his apartment when she entered; and that she was mistaken or told an untruth when she said she told no one but her mother, or when she said that she also told Mrs. Fassetta of defendant's conduct towards her; yet these untruths, if untruths they were, and discrepancies between the child's testimony at the trial and that previously given, cannot justly be said to stamp the story of the witness as to the immediate circum-

stances of the alleged assault and the conduct of the defendant in the commission thereof as improbable or inherently unbelievable. The matters referred to were, as stated above, for the jury to consider in their determination of the ultimate question submitted for their decision, viz., whether or not the defendant committed the felonious assault charged against him. If, therefore, the jury, as manifestly they did, believed the testimony of the child in the main, or if they believed only that portion of her testimony bearing upon the immediate circumstances of the alleged assault, and thus became satisfied beyond a reasonable doubt of the defendant's guilt, it was, of course, within their province to base their verdict upon that particular portion of her testimony, although they might have regarded the statements of the child on other points as of doubtful verity. (*People* v. *Haydon, supra.*) We have examined the transcript of the testimony in this case, and are unable to say that the testimony given by this child is manifestly false or inherently improbable. Consequently the verdict returned by the jury against the defendant is conclusive on appeal.

For the foregoing reasons, the judgment and the order denying defendant's motion for a new trial are affirmed.

York, Acting P. J., and Doran, J., concurred.