[Crim. No. 4048. In Bank.—January 14, 1937.]

THE PEOPLE, Respondent, v. WILLARD MARBLE, Appellant.

Donald MacKay for Appellant.

U. S. Webb, Attorney-General, James S. Howie and R. S. McLaughlin, Deputies Attorney-General, for Respondent.

SHENK, J.—The defendant was charged by indictment with the grand theft of five bonds of the value of $4,100, the property of Susie Biddlecom. He appeals from a judgment of conviction entered on the court's findings, a jury trial having been duly waived. He also appeals from the order denying his motion for a new trial.

The principal contention on the appeal is that the evidence does not justify the finding of guilt.

We are satisfied that the conviction is sustained by the following facts: In March, 1932, one Robkins had sold to Mrs. Biddlecom five $1,000 bonds of the Casa Real Apartments in Los Angeles County, for which she paid cash in the sum of $4,100 as the full purchase price. Subsequently, through one Friedman, she ascertained that the bonds had been defaulted. On August 20, 1932, she appeared at the defendant's office with Friedman. The defendant told her that he accepted the moral obligation involved to make restitution inasmuch as Robkins was one of his salesmen. At that meeting Mrs. Biddlecom signed a paper authorizing the defendant to act as her agent for the purpose of effecting an exchange of the bonds for a certain first deed of trust for $1,000, on which there was a balance of $940 unpaid, payable in $15 monthly instalments, and five lots in Deer Lake Highlands, which property in turn was to be exchanged for guaranteed deeds of trust. The $1,000 note and trust deed were executed by the former wife of the defendant from whom he was divorced. The five lots were owned by the defendant. At the defendant's instruction Friedman and Mrs. Biddlecom ascertained at the bank the value of the bonds, which at that time was assertedly about $1500. Mrs. Biddlecom returned with the bonds and left them with the defendant, who gave her a receipt for them. The defendant also promised that as part of the restitution he would have Robkins transfer title to a half interest in another lot, the other half interest in which had been purchased by Mrs. Biddlecom for $800. It appears that this transfer was made. Mrs. Biddlecom re-

ceived in the mail from Marble the $1,000 trust deed note, but not the trust deed. Upon inquiry by her the defendant said he could not make a transfer of the trust deed because it required a long form. Mrs. Biddlecom never received a deed to the five lots in Deer Lake Highlands. There is some testimony on behalf of the defendant that a deed was prepared and delivered to Friedman ostensibly for her, but neither a deed nor any record of such a transfer was produced. Mrs. Biddlecom reported to the defendant her dissatisfaction with matters and demanded the return of her bonds, stating that she had a customer for their purchase at the price of $4,100. Instead of returning the bonds the defendant on September 15, 1932, executed and delivered to her his promissory note for $4,100 due in two years, and told her to retain any property so far received as security therefor. He promised payment out of royalties from certain oil leases which momentarily were expected to be brought into production. In fact the bonds had been sold in August for $1,500, but the proceeds were not paid to Mrs. Biddlecom. The defendant testified that with the assistance of Friedman it was expected that an exchange of the $1,000 trust deed and note and the five Deer Lake Highland lots would produce a trust deed sufficient to secure his note to Mrs. Biddlecom. However, such security was not delivered and the note remained unpaid. The indictment of the defendant followed.

The defendant's contention is based on the theory that Mrs. Biddlecom received what she agreed to accept as security for the defendant's promise to pay for the bonds and that there is no evidence from which a criminal or felonious intent might be inferred. The evidence which the court believed, however, was that security had not been received by Mrs. Biddlecom. The evidence from which the trial court could properly infer a guilty intent to deprive Mrs. Biddlecom of her property is that a deed of the five lots as security or otherwise was not delivered to Mrs. Biddlecom; that the $1,000 trust deed had not been transferred; and that the bonds belonging to her had been sold and the proceeds retained by the defendant.

It was the province of the trial court to adjudge the weight of the evidence and the credibility of the witnesses, including the defendant. When evidence which discredits the defendant's testimony has been accepted as true and such

evidence sufficiently supports a conviction, the findings to that effect are conclusive on this court. (*People* v. *Tedesco*, 1 Cal. (2d) 211, 219 [34 Pac. (2d) 467].) ■ This is not a case of a failure of the defendant to meet an ordinary pecuniary obligation. The failure of the defendant to pay the note, coupled with the other adverse evidence in the record, indicates an acceptance of property from Mrs. Biddlecom without any intent to make the promised restitution. The essential elements of the crime charged and as defined by section 484 of the Penal Code as amended in 1927 (Stats. 1927, p. 1046), are therefore present. Whether any different inference or any intendment more favorable to the defendant was to be drawn by reason of the delay in initiating the prosecution until after the note matured and just before the period provided by the statute of limitations would have expired, was primarily for the trial court. The defendant's application for probation and his motion for a new trial were denied. We do not feel justified on the record presented to disturb the judgment or the ruling.

■ No prejudicial error occurred by the refusal of the trial court to receive evidence of the value of the five lots in Deer Lake Highlands. Assuming the materiality otherwise of the offered evidence, it would have no pertinency at least in the absence of evidence that Mrs. Biddlecom had received the property in exchange for her bonds.

The judgment and the order are and each is affirmed.

Curtis, J., Edmonds, J., Langdon, J., Waste, C. J., Thompson, J., and Seawell, J., concurred.