[Crim. No. 3205. Second Appellant District, Division One.—August 23, 1939.]

THE PEOPLE, Respondent, v. MAX SOFFER, Appellant.

Joseph W. Ryan, for Appellant.

Earl Warren, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

YORK, P. J.—Appellant Soffer was charged in an information jointly with the defendants Burrough and Hollis with the commission of the crime of robbery accomplished by means of a deadly weapon. On motion of the district attorney the cause was dismissed as to the defendants Burrough and Hollis, appellant was tried before the court without a jury and was found guilty of robbery in the first degree. This appeal is prosecuted from the judgment of conviction which was thereafter entered.

It is here contended that the evidence is insufficient to sustain a conviction in that construed in its entirety it presents no more than a suspicion of appellant's guilt.

It is disclosed by the record that on October 18, 1938, one Adam Simon, Jr., owned and operated a liquor store at 5111 Whittier Boulevard in the county of Los Angeles; that he and his father were present in said store at 9 o'clock on the evening of that date when defendants Burrough and Hollis entered and Burrough sought to purchase some liquor; that said Adam Simon, Jr., turned to get the liquor and when he again faced said Burrough, the latter, who was then pointing a .32 caliber revolver at him, said: "Never mind, this is a stick-up; don't say anything and keep quiet." It also appears that defendant Hollis had a gun trained on Mr. Simon, Sr. The defendants then rifled the cash drawer of $30 and ordered the Simons to walk to the rear of the store which direction was complied with. When they heard the door close upon the departure of the defendants, the Simons rushed to the front door and watched the defendants enter an automobile which was double parked on the opposite side of the street at a distance of about 30 feet from the place where the Simons observed it. It was the impression of Adam Simon, Jr., that the machine was a Dodge and that it was a two-door sedan, dark in color with two rear lights

and an out-of-state license plate with orange colored numerals on a dark blue background; also that a third man was sitting behind the steering wheel. The witness Simon on cross-examination testified that he did not see the features of the third man clearly enough to identify him, and that the reason he thought the car was a Dodge was because the license plates were in the center of the back and it was his impression that was the way the Dodge license plates were attached.

On the day following the robbery, two radio officers were cruising east on Whittier Boulevard in the vicinity of Brede Street and observed a car passing them which seemed to answer a teletype broadcast of the previous day, whereupon they gave chase and caught the car at 6th and Soto Streets. Appellant was the sole occupant of the car which was a Ford V8 sedan, dark maroon in color and bearing 1938 Georgia license plates with orange numerals on a dark blue background, one of which was attached to the center of the trunk door on the rear.

Two or three weeks after the robbery the witness Adam Simon, Jr., saw appellant at the police station and was taken to a garage near by to look at appellant's automobile. He testified that it had a Georgia license and that the automobile and license plates were similar in appearance to the one he observed on the night of the robbery.

One of the investigating officers testified that he questioned appellant at the Hollenbeck Police Station about ten days after the robbery as follows: ''I asked him if he was on that job on Whittier boulevard close to Atlantic, and he says 'You mean at 5111 Whittier boulevard?' I said 'Yes.' He said, 'Yes, I was on that job and that was my car.' '' This conversation was corroborated by another officer who was present at the time, but appellant denied it.

Defendant Burrough testified on behalf of appellant and denied that appellant was with him on the night of the robbery and said that a third party was present whose name he would not mention; also that they used a vehicle which defendant Hollis had stolen on Sixth Street between Figueroa and Broadway, and that it was a 1937 Ford V8 of dark color. He further stated he had known appellant for two years; that he and defendant Hollis had lived with appellant for a week previous to the date of the robbery and that said appellant had a 1938 Ford V8 automobile which was dark maroon in color and bore Georgia license plates.

On rebuttal another deputy sheriff testified that he had a conversation with defendants Burrough and Hollis and that Burrough stated that he and Hollis had gone to a liquor store on Whittier Boulevard and robbed the place, and that appellant was the driver of the car upon that occasion.

From the foregoing *résumé* of the evidence, it appears that the robbery in question was consummated by three persons, two of whom entered the liquor store and robbed the proprietor with the use of revolvers, the third remaining in the car and driving it away immediately when his two companions rejoined him. While the victim was unable to identify the third member of the gang, it was shown in evidence that appellant owned a car which was similar to the one used in the perpetration of the crime, and that he was arrested on the day following the robbery while driving this car. It was also shown that the three men were living together at the time of the robbery, and that in discussing various robberies which these persons had committed, the appellant admitted to police officers that he was ''on the job'' at 5111 Whittier Boulevard.

One of his codefendants testified on behalf of appellant to the effect that appellant did not assist in this particular robbery, but that a third unnamed person assisted. In rebuttal, however, it was shown that previous to the trial the same defendant had stated to police officers that appellant helped in the robbery of the liquor store at 5111 Whittier Boulevard.

When on the witness stand, appellant denied that he made the admission or confession to the officers and also denied that he had anything to do with this particular robbery, but he offered no evidence in support of his defense. He was arrested the day after the crime was committed, but made no attempt to account for his activities of the night before.

Before an appellate court can set aside a judgment on the ground of insufficiency of the evidence it must clearly appear that upon no hypothesis whatsoever is there sufficient substantial evidence to support the conclusion reached in the trial court. (*People* v. *Tom Woo,* 181 Cal. 315, 326 [184 Pac. 389].) It is well settled that the presence in the record of some competent evidence, however slight, is sufficient to sustain a judgment of conviction on the ground of alleged insufficiency of the evidence. (*People* v. *Tedesco,*

1 Cal. (2d) 211, 219 [34 Pac. (2d)`467]; *People* v. *Marble,* 8 Cal. (2d) 139 [64 Pac. (2d) 135]; *People* v. *Tom Woo, supra.*)

As was stated in *People* v. *Marble, supra,* at page 141: "It was the province of the trial court to adjudge the weight of the evidence and the credibility of the witnesses, including the defendant. When evidence which discredits the defendant's testimony has been accepted as true and such evidence sufficiently supports a conviction, the findings to that effect are conclusive on this court. (*People* v. *Tedesco,* 1 Cal. (2d) 211, 219 [34 Pac. (2d) 467].)"

█ It is the conclusion of this court that the evidence adduced at the trial is sufficient to sustain the judgment of conviction, and for that reason the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.