[Crim. No. 3357. Second Appellate District, Division One.—July 12, 1940.]

THE PEOPLE, Respondent, v. ALLEN J. McNEESE, Appellant.

William W. Larsen for Appellant.

Earl Warren, Attorney-General, and L. G. Campbell, Deputy Attorney-General, for Respondent.

WHITE, J.—Following trial before a jury, defendant was convicted of the crime of robbery committed while armed with a deadly weapon. He also admitted the truth of the allegation contained in the information that he had suffered a prior conviction for the crime of robbery and had served a term of imprisonment in the penitentiary at San Quentin therefor. This appeal is from the judgment and the order denying defendant's motion for a new trial.

Following is a brief but fair epitome of the evidence introduced both by the People and the defendant. On the night of June 21, 1939, a man entered the drug store of Guy H. Miller in the city of Los Angeles and at the point of an automatic pistol held up and robbed the druggist of certain narcotic preparations of the value of $18. Both the proprietor and his clerk positively identified the defendant as the man who committed the robbery. With reference to the lighting conditions prevailing in the drug store at the time of the robbery, the evidence indicated that the same was brightly lighted, while the identifying witnesses had an opportunity to observe the robber from distances of from two to four feet. The intruder wore no mask or disguise of any kind, and according to the testimony of the proprietor, "a 200-watt light was right over his head . . . his face was well lighted". Subsequently the police visited the apartment where defendant resided and found therein a tin box containing an assortment of narcotics. The containers of these nar-

cotics found by the officers were exhibited to the druggist at the trial and he identified the same by reason of the cost marks written in his own handwriting upon such containers. Also found in the apartment of defendant were some hypodermic needles, a gun holster, some .32 and .38 caliber cartridges, and an imitation police badge. Defendant admitted at his trial that he was a drug addict.

In opposition to the foregoing, the defendant offered the testimony of a witness that the latter saw him in a bar in the city of San Francisco about 8 o'clock on the evening when the robbery was committed, and which witness also testified he saw the defendant in the northern city the day before and three or four days after June 21st. Another witness testified that he met the defendant in Oakland about a quarter of seven on the evening of June 21st; and there was testimony that defendant was not present at a Father's Day party tendered his father in Los Angeles June 19th for the reason that he was in the northern part of the state, the last-mentioned testimony coming from members of defendant's family. Testifying in his own behalf, defendant denied participation in the robbery, claimed he was in San Francisco from June 17th to June 30th, and while admitting he was a narcotic addict, asserted that the drugs found in his apartment, containers of which were identified by one of the victims of the robbery, had been purchased by the defendant from a narcotic peddler in San Francisco.

In urging that the verdict is against the law and the evidence, appellant contends that the testimony showing that he was in San Francisco on the date of the alleged robbery "was not broken or shaken in any way, and that in the light of the fact that the identification testimony . . . was shown under cross-examination to be inexact in many particulars"; and that therefore a new trial should have been granted, and now that the judgment and the order denying a new trial should be reversed. Upon innumerable occasions the appellate tribunals of this state have reiterated the rule that where there is substantial evidence tending to support the ultimate issue presented to the jury, appellate courts cannot, as a matter of law, substitute their judgment on the facts for that of the triers thereof. As was said by this court in *People v. Gilbert*, 26 Cal. App. (2d) 1, at page 21 [78 Pac. (2d)

770], "No rule of criminal law and procedure is better established in this state". It must be remembered that the appellate court is not permitted to see the witness, observe his demeanor upon the stand, or note the candor or apparent lack of candor in giving his testimony, and therefore the legislature of this state has ordained that the jury are the exclusive judges of the credibility of witnesses (Code Civ. Proc., sec. 1847), and they are also the judges of the effect and value of evidence addressed to them, except as limited by the provisions of section 2061 of the Code of Civil Procedure. From the foregoing it necessarily follows that the jury in this case were authorized, if they conscientiously felt warranted in so doing, after full and fair consideration, to absolutely reject the testimony that was contradictory of the witnesses who positively identified the defendant, and by the same token were they authorized to disbelieve the testimony of the defendant, together with his alibi witnesses, and to accept the testimony of the druggist and his clerk as to the immediate circumstances of the robbery and that the defendant was the participant therein; and this they could do however weak in places the testimony of the prosecution witnesses may have been made to appear, or however sharply their testimony on other important points might have conflicted with the testimony of other witnesses. It is not our function, but the function of the jury in the first instance and the trial court after verdict, to determine what facts are established by the evidence in the case; and as was said in *People* v. *Tom Woo*, 181 Cal. 315, 326 [184 Pac. 389], " . . . and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground we are discussing it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below." (See, also, *People* v. *Tedesco,* 1 Cal. (2d) 211, 219 [34 Pac. (2d) 467]; *People* v. *Marble,* 8 Cal. (2d) 139, 140 [64 Pac. (2d) 135].) Manifestly, the testimony of the druggist and his clerk cannot be said to be so inherently improbable as to amount to no substantial evidence at all. Such being the case, we are without power to disturb the findings of the triers of fact.

■ Finally, appellant contends that the court erred in refusing to give certain instructions offered by the defendant

and in the giving of a certain instruction presented by the prosecution. While one or more of defendant's proffered instructions on the issue of an alibi might have been given, it must be held that the jury were fairly and correctly instructed upon that defense when the court advised them: "An alibi simply means that the defendant was at another place at the time the crime charged is alleged to have been committed. All the evidence should be carefully considered by you, and, if the evidence on the subject, considered with all the other evidence, is sufficient to raise a reasonable doubt as to the guilt of the defendant, you should acquit him. It is sufficient to justify an acquittal if the evidence upon that point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged, if you find that a crime was committed." All that the instructions offered by the defendant added to the foregoing was to declare the defense of alibi to be a legitimate one and make reference to the testimony of particular witnesses who testified the defendant was not at the scene of the robbery on the evening of its commission. Appellant's claim that the alibi instructions given by the court emphasize the fact that the defense of alibi should be more carefully scrutinized than other testimony is without merit, because a mere reading of the given instruction indicates that the jury were admonished that if from a consideration of all the evidence, including that upon the issue of alibi, there was generated in their minds a reasonable doubt of the guilt of the defendant, he was entitled to an acquittal. A reading of the instructions in their entirety convinces us that they were fair and just to the accused.

The judgment and the order from which this appeal is taken are, and each of them is, affirmed.

York, P. J., and Doran, J., concurred.