[Crim. No. 3606.   Second Dist., Div. Two.   Oct. 28, 1942.]

THE PEOPLE, Respondent, v. WILLIAM E. BEATTY, Appellant.

Gladys Towles Root for Appellant.

Earl Warren, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

MOORE, P. J.—Defendant appeals from an order denying his motion for a new trial and from two judgments of conviction for violation of sections 288 and 288a of the Penal Code. The sole ground of appeal is the insufficiency of the evidence.

The facts established by the witnesses for the prosecution are as follows: On September 21, 1941, one William Buckham, accompanied by his wife and two little girls, and defendant and his two children, visited Elysian Park for a picnic. Before departing for the park both Buckham and defendant imbibed two cans of beer. Upon their arrival at their destination they found it necessary to return some of the beer purchased at a store along the way. Thereupon the entire party entered the automobile. Defendant took his place on the back seat with the two little girls, Irene and Viola Roberts, and his own two sons. He sat next to Irene, a child seven years of age. On the way to the store he put his hand inside her slacks near the groin, and in a whisper asked her if it felt good. On observing such act of defendant Mrs. Buckham asked Irene to come over onto the front seat. That the child did so was admitted by defendant.

Upon reaching the store Mr. Buckham entered the establishment. Defendant then told Mrs. Buckham that he was going behind the market to cover a drunk man with some boxes so the police would not catch him. Having remained

in the store about thirty minutes, Buckham returned to his car, from which, after he had changed its position, he and his wife witnessed defendant and the drunk man behind the store engaged in an act forbidden by 'section 288a. On being called by Buckham, defendant joined the party and they drove home.

■ As to the violation of section 288, defendant and his thirteen-year-old son gave testimony contradictory to that of the prosecution's witnesses, from which fact it is contended that such adverse testimony should upset the verdict. However, such contradictions were resolved by the jury against defendant. The reviewing court will not alter or reverse a conviction solely because of contradictory testimony. (*People* v. *Marble*, 8 Cal.2d 139, 141 [64 P.2d 135].)

Next it is asserted that a mere licentious act was not sufficient to justify a conviction, citing *People* v. *Stouter*, 142 Cal. 146 [75 P. 780] and *People* v. *Grinnell*, 9 Cal.App. 238 [98 P. 681]. These authorities are not in the slightest degree applicable. In the Stouter case the child victim testified that defendant did not do the act alleged in the information. The jury, having reported that they could not agree, were then instructed that they might find him guilty of an attempt to commit the crime. Such instruction, given under the circumstances detailed, was held to be a most dangerous interference with the right of a defendant to a fair trial and reversed the conviction of attempt to commit the act. In the Grinnell case the decision determined merely the insufficiency of the indictment for a violation under section 288.

■ Appellant arrays a series of circumstances in proof of a lack of vicious intent. Not only circumstances but spoken testimony also may be recited as proof of defendant's innocence. But such evidence does not avail appellant where it was met in the trial court with an array of circumstances as well as with credible testimony not inherently improbable. It is argued that because the rear seat of the automobile was exposed to the view of all of the occupants of the car as well as to the public it is unthinkable that a person of reasonable intelligence and in defendant's position would be so bold as there to commit so reprehensible an act. But men possessed of criminal tendencies do not always exercise cunning. One who is so vile as to perpetrate vicious acts contemned by his contemporaries and denounced by statute seldom proceeds like the "paragon of animals." His blundering effort instantly to consummate his wicked impulse or design usually

impels him to scorn discretion and abjure prudence. Folly is the hand maiden of perverted instincts. The only difference between those who find out secret places for their villainies and those who act without restraint is that the former are timid while the latter are bold. But boldness in execution does not erase the guilt from a criminal act.

That the testimony of Mrs. Buckham differed in some particulars from that of Irene is not fatal or unusual. It is a constant fashion that truthful witnesses differ in their recitals of the details of an event. Memories do not function perfectly. Some matured persons often gather impressions inaccurately and many of them report occurrences differently. Irene's testimony was both clear and intelligible. Coming from the lips of an innocent child it was persuasive. It bore neither the badge of insincerity nor was it impeached by uncertainties or contradictions. Such testimony is sufficient to warrant a conviction. (*People* v. *Asavis,* 27 Cal.App.2d 685 [81 P.2d 595].) The jury heard her testimony from the stand, and as triers of the facts their verdict is final when supported by such testimony as she gave. (*People* v. *Perkins,* 8 Cal.2d 502 [66 P.2d 631]; *People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].) But she was corroborated by Mrs. Buckham, who testified that upon witnessing the act, she asked Irene to join her in the front seat of the automobile.

Defendant's violation of section 288a is established by positive and direct testimony. Both Mr. and Mrs. Buckham witnessed the act. If the jury believed them, any number of arguments as to the manner in which defendant might otherwise have chosen the place for the commission of such an act is of no avail. The jury was constitutionally empowered to reject not only any testimony offered but also any reason which might have been suggested for holding the defendant not guilty. (*People* v. *Quinn,* 12 Cal.App.2d 752, 754 [55 P.2d 277].) Because contradictions may have appeared in the testimony of Mrs. Buckham with reference to either crime, or because slight inconsistencies may have appeared in the testimony of the child concerning the act in which she was involved, affords no occasion for rejecting the testimony of either of them. (*People* v. *Quinn, supra.*)

The order denying the motion for a new trial and the judgments are affirmed.

Wood (W. J.), J., and McComb, J., concurred.