[Crim. No. 3758. Second Dist., Div. Three. Jan. 18, 1944.]

THE PEOPLE, Respondent, v. FAY CHESTER THOMAS, Appellant.

Fay Chester Thomas in pro. per., for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

SHAW, J. pro tem.—Defendant was tried on an information charging him in three counts with committing lewd and lascivious acts upon three boys under the age of fourteen years, in violation of section 288 of the Penal Code. After

trial by the court sitting without a jury, the defendant was found guilty on all three counts, and he appeals from the judgments.

The only point made by him in support of his appeal is that "the judgment of the Court is contrary to the evidence." The three boys named in the information, whose respective ages were nine, twelve and thirteen years, were called as witnesses. Each of them gave testimony showing clearly and unequivocally, if accepted as true, that the offense against him had been committed as charged. Since defendant makes no claim that the acts so narrated were not sufficient to constitute the offenses charged, we do not set forth the testimony here. Defendant's contention appears to be that this testimony should not have been believed. He took the stand and denied the commission of all the acts to which the boys testified. His mother, with whom he lived, gave testimony tending to show that one of the offenses, said by the boy to have been committed at defendant's residence, could not have been committed at the time and place stated by the boy. But these contradictions were matters for the consideration of the trier of facts. They do not afford ground for a reversal of the judgment on appeal. (*People* v. *Beatty* (1942), 55 Cal.App.2d 258, 260 [130 P.2d 433]; *People* v. *Tedesco* (1934), 1 Cal.2d 211, 219 [34 P.2d 467].)

The only authority cited by defendant is *People* v. *Putnam* (1942), 20 Cal.2d 885, 889, 891 [129 P.2d 367], where the Supreme Court, dealing with a charge like those we have here, stated, by quotation from another case, that "to the mind of the average citizen or juror, the mere fact that a person has been accused of the commission of such an offense seems to constitute sufficient evidence to warrant a verdict of 'guilty.' " But the court there was not considering the sufficiency of the evidence; its holding was that where such a charge is tried by a jury, a cautionary instruction should be given warning the jury "that such a charge is easily made and difficult to disprove for which reason the testimony of the prosecuting witness should be examined with caution." The present case was not tried by a jury and no question regarding instructions arises. The trial judge was no doubt familiar with the rule stated in the case cited and in other similar cases. It is a rule intended primarily for

the guidance of the trier of facts, and we must presume that he applied it to this case. The evidence of the boys above mentioned bears no indicia of coaching by others and has no marks of inherent improbability upon it. There was also testimony by the chief of police before whom defendant was brought soon after his arrest, that defendant admitted to him that defendant had committed offenses on "some boys," which were the same as those to which the boys named in the information testified. Defendant's statement did not name or definitely identify the boys he referred to, but it would nevertheless have considerable effect as corroborative of the testimony given by the boys. The trial court's finding of guilt is supported by sufficient evidence and is conclusive on appeal.

The judgments are affirmed.

Desmond, P. J., and Wood (Parker), J., concurred.