DAVID, J.
Shogo and Naomi Iwasaki were each tried and convicted of violating Agricultural Code, section 784.1, and were fined $100 each, with the alternative of one day in the Los Angeles City Jail for each $5.00 unpaid; and as to each defendant, the execution of sentence was suspended, and summary probation was granted for one year, upon condition that there be no further violations, and that a fine of $25 be *Supp. 851 paid. From the final judgments of conviction and sentence and the orders granting probation, these appeals are taken.
The essence of the charge was that grapes were so arranged and displayed by defendants that in the exposed surface there were grapes “which were in quality, size and condition, and in other respects, so superior to those concealed and in the unexposed portion thereof, as to materially misrepresent a part of said arranged and displayed fruit.” Agricultural Code, section 784.1, reads: “It is unlawful to prepare, pack, place, deliver for shipment, load, ship, transport, or sell a deceptive pack, bulk lot, bulk load, load, arrangement, or display of fresh or dried fruits, nuts or vegetables.”
By stipulation, the testimony received was the report of the arresting officer, Raymond Newbill, as follows:
“Def.—Shogo & Naomi Iwasaki dba. Three Crown Produce Co., 317 S. Broadway, L. A. MA. 9-2864.
“Violation: 784.1 of Agrie. Code of Calif.
Deceptive display of grapes.
“Complaining Witness: Raymond Newbill
“Date of Offense: January 13, 1958
“Address: Room 295 Wholesale Terminal Bldg.
784 S. Central Ave., L. A.
“Telephone: VA. 4577
“Will testify that he is an agricultural inspector employed by the L.A. County Agricultural Commissioner, assigned to Fruit & Vegetable Standardization. That on January 13, 1958, at approximately 11:30 A.M., while making inspections in the Grand Central Public Market, he and Inspector Robert Dingfelder inspected a display of grapes at a stall owned and operated by Shogo and Naomi Iwasaki. That the grapes making up the face of the display exposed to the view of the customer appeared to be of good quality. That the grapes in the rear or unexposed portion of the display from which the customers were being served contained 15% decay.
“Witness: Robert Dingfelder
“Will testify approximately the same.”
No further or additional evidence was presented. While appellants state a number of contentions, they center in the principal contention, which as stated by appellants is, that the trial court erred in finding the defendants guilty “in the absence of evidence that the unexposed portion of the grapes was below the standards expressly provided by statute.”
*Supp. 852 In other words, if all the fruit displayed meets the requirements for quality, size, etc., it is contended that there can be no violation of Agricultural Code, section 784.1.
Where there are displays of strawberries, or individual fruits such as oranges, the problem of standards is simpler than with bunches of grapes, where there may be considerable differences between an individual grape and the bunch it is in; and variations as to color, size of grape berries, presence or absence of mildew, sugar content, and firmness or softness in the individual fruit, capacity for handling or shipment and resistance to decay. It is not necessary, as defendants contend, to consider such matters on this appeal for violation of Agricultural Code, section 784.1.
This section relates to deception in the display. Every bit of fruit concerned may be of acceptable quality. But if fruit on the top of the box is not substantially representative of the essential characteristics of that on the bottom there may be, as here, a violation of the section. In this case 15 per cent of the grapes underneath were decayed. It is immaterial whether this was by weight, volume, or count of grape berries affected. The trial court is not unreasonable in considering this difference in quality to be substantial. Nor does it matter whether the manner of the exhibition of the fruit for sale was by pack, bulk load, load, arrangement or display. It is the deceptive element that is controlling. The evidence is sufficient. (People v. Soffer (1939), 34 Cal.App.2d 301, 304 [93 P.2d 183].) The complaint charging a series of acts is proper, as conviction may be as to any one of them. No demurrer was taken.
Counsel have urged the importance of our determination, referring no doubt to the widespread practice, of which we take judicial notice, of arranging or putting the most attractive fruit on the top of packs, loads, lots or market. arrangements or displays. But the statute apparently has this in mind. (Cf. also Agr. Code, § 784.6.) How far a given fruit display is deceptive or deceiving is for the trier of the fact, who may consider to what extent any housewife or other purchaser will tend to be deceived under the eircumstanpes.
Judgments and orders granting probation each are affirmed.
Bishop, P. J., and Swain, J., concurred.