[Crim. No. 6832.   Second Dist., Div. Two.   Mar. 16, 1960.]

THE PEOPLE, Respondent, v. HAROLD PAUL KAMM et al., Defendants; WILLIAM BERNARD CULLEN, Appellant.

Gladys Towles Root, Eugene V. McPherson and Robert Barnett for Appellant.

Stanley Mosk, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

HERNDON, J.—After a nonjury trial, appellant was convicted of first degree robbery. Appealing from the judgment of conviction, he advances the sole contention that "there is no substantial evidence to sustain the findings of fact upon which the judgment was necessarily predicated." The record eloquently contradicts this ill-founded contention. It discloses proof of guilt more than sufficient to satisfy the "substantial evidence" rule.

The Chef's Inn on East Colorado Street in Pasadena was robbed at about 11:30 p. m. on January 4, 1959. Appellant's codefendant, Kamm, entered the restaurant, pointed a gun at the cashier, handed her a bag and told her to put the money in it—that it was a holdup. The cashier complied by taking currency from the cash register and handing it to Kamm who then ran out of the door, leaving the bag behind. John Whyers, a customer who heard the cashier yell

that she had been robbed, ran outside and saw Kamm running toward a light green 1955 Thunderbird automobile. Kamm opened the door and got into the car while it was slowly pulling away from the curb. Whyers took the car's license number. He though that Kamm was carrying a gun in one hand.

Officer Hamilton of the Pasadena Police Department was alerted by a radio message from the police dispatcher that there had been a holdup at Chef's Inn and was given the data on the automobile which was the getaway car. At about midnight Hamilton and his fellow officer observed a light green 1955 Thunderbird traveling in a westerly direction about 1½ miles from the scene of the robbery. This car obviously answered the description of the getaway car. The officers pursued the car, and, in response to the red light and siren, the driver pulled over and stopped. Hamilton caused appellant, the driver, and Kamm, the passenger, to get out of the automobile. As Officer Hamilton walked up to the Thunderbird, he observed a loaded 2-inch blue revolver lying in plain sight on the front seat in the center. A search of the persons of appellant and of Kamm revealed a considerable amount of currency. Appellant and Kamm were thereupon placed under arrest.

It is unnecessary to detail appellant's own testimony which was to the effect that he was an innocent agent in the entire transaction. It is sufficient to observe that appellant's story not only was quite improbable on its face, but also included recitals that would support incriminating inferences. Appellant testified that according to his understanding with Kamm, the latter entered the restaurant for the purpose of purchasing some sandwiches; that he (appellant) stopped the car and turned off the motor; that he did not start the car until after Kamm had reentered it and that he was not aware of Kamm's possession of the gun.

In substantial part this testimony was directly contradicted by the observations of the eyewitness Whyers, and in total it was convincingly contradicted by the circumstantial evidence above recited. Manifestly, the trial court was justified in finding that appellant aided and abetted Kamm in the commission of the robbery, and, therefore, was a principal in the commission of that crime which admittedly was perpetrated by Kamm (Pen. Code, § 31).

As stated in *People* v. *Silva*, 143 Cal.App.2d 162, 169 [300 P.2d 25]: "One who stays in an automobile and enables

those who are robbing to make a successful 'getaway' is as much a principal and aids and abets the crime as competely as though he were present and assisted in the actual taking of the property. (*People* v. *Benton,* 32 Cal.App.2d 407, 409-410 [89 P.2d 1089]; *People* v. *Soffer,* 34 Cal.App.2d 301, 304 [93 P.2d 183].) . . . The admission of appellant placed him at the scene as the driver of the getaway car. The question of whether or not a person who was present at the time and place of the commission of a crime has aided and abetted therein is one of fact for the trier of fact to decide from all of the circumstances proved. (*People* v. *Wilson, supra,* 93 Cal.App. 632, 636 [269 P. 951].)''

Pertinent also is the observation in *People* v. *Jaggers,* 120 Cal.App. 733, 735 [8 P.2d 206]: ''Appellant's statement that he did not know that a crime was to be committed is not sufficient to constitute irrebutable proof of such fact. 'Few criminals would ever be convicted if their explanations were accepted as gospel truth.' (*People* v. *Hall,* 87 Cal.App. 634 [262 P. 50].)''

Affirmed.

Fox, P. J., and Ashburn, J., concurred.